**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Reider Quesada-Vicet,

Petitioner

v.

Todd Blanche, et al,

Respondents

Case No.: 2:26-cv-01852-JAD-DJA

**Order Granting Habeas Petition and Directing Respondents to Provide a Bond Hearing**

[ECF No. 9]

Petitioner Reider Quesada-Vicet is a Cuban citizen who entered the United States in 2014 and was granted legal-permanent-resident status under the Cuban Adjustment Act in 2017. He was convicted of two misdemeanor offenses of petit larceny and theft in 2023 and 2024. Immigration and Customs Enforcement (ICE) detained and initiated removal proceedings against Quesada-Vicet in February of 2026 and he has been in ICE detention at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, ever since. He has not had a bond hearing, and the government contends that Quesada-Vicet is detained under 8 U.S.C. § 1226(c), which requires mandatory detention without bond. Quesada-Vicet seeks a writ of habeas corpus, alleging that his prolonged detention without a bond hearing violates his due-process rights under the Fifth Amendment of the United States Constitution. Because I find that Quesada-Vicet's lengthy detention without a bond hearing violates due process, and he is entitled to a bond hearing at which the government bears the burden to show by clear-and-convincing evidence that he is not a danger or flight risk, I grant the petition and order a bond hearing.

## Discussion

**A. This court has jurisdiction over Quesada-Vicet's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[1] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[2]

**B. Noncitizen detainees are entitled to due process of law in immigration proceedings.**

The government argues that Quesada-Vicet is not entitled to release on bond or a bond hearing as a statutory matter.[3] The government relies on *Avilez v. Garland*, in which the Ninth Circuit held that under the Supreme Court's holding in *Jennings v. Rodriguez*, noncitizens detained under § 1226(c) are not statutorily eligible for release on bond during the judicial phase of their removal proceedings except when the witness-protection textual exception applies.[4] But the Ninth Circuit and the Supreme Court have given no guidance on whether prolonged detention violates a detainee's due-process rights under the Constitution. In *Demore v. Kim*, in which the Supreme Court rejected a facial challenge to § 1226(c),[5] the Court left open "the question whether prolonged detention under § 1226(c) without a bond hearing will *at some point* violate an individual detainee's due process rights."[6] In his concurrence, Justice Kennedy explained that

---

[1] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[2] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[3] ECF No. 10 at 4.

[4] *Id.* (citing *Avilez v. Garland*, 69 F.4th 525, 535 (9th Cir. 2023)).

[5] *Avilez*, 69 F.4th at 527–28.

[6] *Black v. Decker*, 103 F.4th 133, 142 (2d Cir. 2024).

"since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."[7] And the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional" or that our country's founders would approve of this practice.[8] So the government's argument that Quesada-Vicet should not get a bond hearing because he is not statutorily entitled to one is not dispositive because he contends that the Constitution, not the statute, demands that he get one. The government also fails to address *Martinez v. Clark*, in which the Ninth Circuit endorsed the district court's decision to order a bond hearing for a § 1226(c) detainee under the Due Process Clause.[9]

"The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."[10] But the amount of process due to noncitizens "must account for the government's countervailing interests in immigration enforcement—considerations that do not apply to U.S. citizens."[11] Courts in this district apply the three-factor test outlined in the Supreme Court case *Mathews v. Eldridge*[12] to determine whether a noncitizen's procedural due-process rights have been violated in immigration-detention situations like this one.[13] Under

---

[7] *Demore*, 538 U.S. at 532 (Kennedy, J., concurring).

[8] *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).

[9] *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

[10] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)).

[11] *Id.* at 1206.

[12] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

[13] *Morales v. Mullin*, 2026 WL 1623189, at *3 (D. Nev. June 5, 2026) (using the *Mathews* test to determine if the due-process rights of a person detained under § 1226(c) were violated); *De Leon v. Mayorkas*, 2024 WL 343437, at *2 (D. Nev. Jan. 29, 2024) (same).

*Mathews*, courts must consider "*first*, the private interest that will be affected by the official action; *second*, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and *finally*, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[14]

**C. Quesada-Vicet's eight-month detention without due process warrants relief.**

Quesada-Vicet contends that he was not given adequate due-process protections to challenge his detention as he has not had a bond hearing.[15] The government takes the position that Quesada-Vicet is not entitled to a bond hearing because he is detained under § 1226(c) and, even if he were entitled to a hearing, the *Mathews* factors do not support his request for relief.

"An individual's private interest in freedom from prolonged detention is unquestionably substantial."[16] But when evaluating Quesada-Vicet's interests under the first prong, the court "cannot simply count his months of detention and leave it at that."[17] It must also consider "the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order."[18]

The government compares this case to the district court's decision in *Rubin v. United States Immigration and Customs Enforcement Field Office Director*.[19] In that case, the plaintiff was subject to mandatory detention under § 1226(c), and an immigration judge denied release on

[14] *Mathews*, 424 U.S. at 335 (cleaned up).

[15] ECF No. 9 at 2.

[16] *Rodriguez Diaz*, 53 F.4th at 1207.

[17] *Id.* at 1208.

[18] *Id.*

[19] ECF No. 10 at 7.

bond and ordered him removed.[20] The plaintiff then filed numerous appeals to the Board of Immigration Appeals (BIA) and the Ninth Circuit.[21] The government argues that Quesada-Vicet and the plaintiff in *Rubin* are similarly situated because Quesada-Vicet has "repeatedly challenged his removal order in the BIA and the Ninth Circuit."[22] It asserts that "[a]lthough DHS has detained Petitioner for over five years, the prolonged nature of his detention is a direct result of his own decision to challenge his removal order."[23]

But this is not true. According to Quesada-Vicet's Form I-213 that the government attached to its response, Quesada-Vicet has been in detention since February of 2026, not for five years.[24] Quesada-Vicet has appealed his removal order at the BIA,[25] but he has not repeatedly challenged his removal order in the BIA and the Ninth Circuit as the government represents. The government appears to have gotten Quesada-Vicet mixed up with someone else and thus is left without an argument for why the first *Mathews* factor does not weigh in Quesada-Vicet's favor. And the fact that Quesada-Vicet has been detained for eight months without any bond hearing further distinguishes his case from *Rubin*, in which the petitioner did have a bond hearing. So I find that the deprivation of Quesada-Vicet's liberty interest weighs in favor of relief.

---

[20] ECF No. 10 at 7 (citing *Rubin v. U. S. Immigr. and Customs Enf' Field Off. Dir.*, 2024 WL 3431914, at *2 (W.D. Wash. 2024)).

[21] *Rubin*, 2024 WL 3431914, at *2–*3.

[22] ECF No. 10 at 8.

[23] *Id.* at 8–9.

[24] ECF No. 10-1 at 5.

[25] ECF No. 13 at 2. This appeal was also filed after Quesada-Vicet filed his amended petition in this case on July 14, 2026, because his removal hearing was on July 15, 2026.

There is a substantial risk of erroneous deprivation of Quesada-Vicet's interests due to the government's reliance on § 1226(c)'s mandatory-detention scheme. He has been detained for eight months while his removal proceedings have been pending, and throughout that time he has had no opportunity to seek bond. I thus find that Quesada-Vicet faces a severe risk of erroneous deprivation of his liberty interest absent these procedures, so the second *Mathews* factor also weighs in favor of habeas relief.

It is undisputed that the government has a strong interest in enforcing immigration law, protecting the public from "dangerous criminal" noncitizens, and securing the removal of noncitizens who are subject to final orders of removal.[26] But given that Quesada-Vicet has not had an opportunity to seek bond, I cannot conclude that the government's interests outweigh the petitioner's in this case. The parties' interests are not mutually exclusive: the government's interest in enforcing immigration law and protecting the public from dangerous noncitizens can still be served while also providing due-process protections to the noncitizens in its custody. Indeed, an IJ can assess the noncitizen's dangerousness or lack thereof in a constitutionally adequate bond hearing. So I hold that the government violated Quesada-Vicet's due-process rights when it deprived him of a bond hearing for eight months.

**D. DHS must give Quesada-Vicet a bond hearing, at which the burden will be on the government.**

To redress his constitutionally deficient detention, Quesada-Vicet asks for "a constitutionally adequate bond hearing at which the government bears the burden of demonstrating that his detention is warranted."[27] While the Ninth Circuit ruled in *Rodriguez*

---

[26] *Rodriguez Diaz*, 53 F.4th at 1208.

[27] ECF No. 9 at 2.

*Diaz v. Garland* that the government does not bear the burden in a second bond hearing, the Ninth Circuit subsequently held in *Martinez v. Clark* that the burden is on the government to prove by clear-and-convincing evidence that a noncitizen is a danger to the community or a flight risk in an initial bond hearing.[28] Courts in this district have held that the government bears the burden in § 1226(a) cases in which detainees never received a bond hearing.[29] I find that reasoning persuasive here because, like the § 1226(a) petitioners from earlier this year, Quesada-Vicet never received an initial bond hearing. So I find that the risk of erroneous deprivation of Quesada-Vicet's liberty interest is high without a bond hearing, and I conclude that the burden at that hearing must be on the government to show that he is a threat or a flight risk.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Reider Quesada-Vicet's amended petition for a writ of habeas corpus **[ECF No. 9] is GRANTED**. Respondents must schedule a bond hearing for Quesada-Vicet with an immigration judge within the next 21 days, at which the burden will be on the government to show that he is a danger to the community or a flight risk. If the respondents do not provide a bond hearing within 21 days, they must release Reider Quesada-Vicet from detention by 5:00 p.m. PDT on the 22nd day following entry of this order.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

U.S. District Judge Jennifer A. Dorsey
October 8, 2026

---

[28] *Romero Estrada v. Mattos*, 2026 WL 996929, at *3 (D. Nev. Apr. 13, 2026) (citing *Rodriguez*, 53 F.4th at 1203, and *Martinez*, 124 F.4th at 785).

[29] *Id.* at *4 (collecting cases).